UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
AMERICA,                                                                               Civil Action No.

                          Plaintiff,

      -against-

ATEGRITY SPECIALTY INSURANCE COMPANY,

                          Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

      Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, ATEGRITY SPECIALTY INSURANCE COMPANY ("Ategrity"), alleges upon information and belief as follows:

### Nature of the Action

      1.     In this action, Travelers seeks a declaration that Ategrity is obligated to defend and to indemnify Urban Precast, LLC ("Urban"), Maple 49th Avenue Owners II, LLC ("Maple") and Suffolk Construction Company, Inc. ("Suffolk") in connection with an underlying action asserting claims for injuries allegedly sustained by Darwin Prudente-Morocho (the "Claimant"). The incident allegedly occurred on or about November 13, 2019, at a construction project located at 25-11 49th Avenue, Long Island City, New York (the "Project").

### Parties

      2.     At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Ategrity was and is a Delaware corporation with a principal place of business in Scottsdale, Arizona.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6. An actual and justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Ategrity.

7. Plaintiff Travelers has no adequate remedy at law.

## The Insurance Policies

8. Travelers issued an insurance policy to Urban providing commercial general liability coverage for the policy period August 1, 2019, to August 1, 2020 (the "Travelers Policy").

9. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. The coverage provided by the Travelers policy is excess over any other insurance available to the insured as an additional insured.

11. Defendant Ategrity issued an insurance policy to Newburgh Iron LLC ("Newburgh") providing commercial general liability coverage for the policy period September

7, 2019, to September 7, 2020, under policy no. 01-B-GL-P00000682-0 (the "Ategrity Policy"). A true copy of the Ategrity Policy is attached hereto as Exhibit A.

12. Subject to certain terms, conditions, and exclusions, the Ategrity Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The Ategrity Policy contains an **ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION** endorsement (form CG 20 10 04 13), whose schedule includes any person(s) or organization(s) "as required by written contract with the Named Insured," and which provides, in relevant part:

> **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or part, by:
>
> **1.** Your acts or omissions; or
>
> **2.** The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operation for the additional insured(s) at the location(s) designated above.

14. The Ategrity Policy's main CGL form provides that its coverage is primary except in certain circumstances not present in the instant dispute.

15. The Ategrity Policy also contains a **PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION** endorsement (form CG 20 01 04 13), which provides in relevant part:

> **Primary and Noncontributory Insurance**
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

      **(1)** The additional insured is a Named Insured under such other insurance; and

      **(2)** You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

## **Background Facts**

16. Maple 49th Avenue Owners II, LLC ("Maple") owns the location where the Project took place.

17. Maple entered into a General Contract with Suffolk for Suffolk to perform work on the Project.

18. Suffolk (as "Contractor") and Urban (as "Subcontractor") entered into a Subcontract Agreement (the "Subcontract") to perform work on the Project.

19. Urban (as "Sub-Contractor") and Newburgh (as "Sub-Subcontractor") entered into a Sub-Subcontractor Agreement (the "Sub-Subcontract") to perform work at the Project with an effective date of July 20, 2018. A true copy of the Sub-Subcontractor Agreement is attached hereto as Exhibit B.

20. Pursuant to the terms of the Sub-Subcontract, Newburgh agreed to procure commercial general liability coverage with minimum limits of $1,000,000 each occurrence and $2,000,000 in the aggregate. *See* Ex. B at Article 6, ¶ 4.a.

21. The Sub-Subcontract further provides that, with respect to that commercial general liability coverage, "[n]o portion of these limits may be satisfied through any form of self-insurance or self-insured retention . . ." *Id.*

22. The Sub-Subcontract also provides, with respect to that commercial general liability coverage, that "no policy provision shall restrict, reduce, limit or otherwise impair contractual liability coverage or the Parties' status as additional insureds." *Id.*

23. The Sub-Subcontract further provides, with respect to that commercial general liability coverage, that the policy is to provide "Additional Insured coverage for Owner, Contractor, its director, officers, employees, subsidiaries and affiliates on a Primary & Non-Contributory basis." *Id.*

24. Article 6, ¶ 1 to the Sub-Subcontract further provides that Newburgh's "general liability insurance policy shall provide additional insurance coverage for the benefit of the lenders, government agencies and all other parties affiliated with project as determined by Owner, including the entities, their directors, agents, employees, successors and assigns (hereinafter referred to as the 'Parties')." *See* Ex. B at Article 6, ¶ 1.

25. By a verified complaint filed on or about June 15, 2020, Claimant commenced an action titled *Darwin O. Prudente-Morocho v. Maple 49th Avenue Owners II, LLC, and Suffolk Construction Company, Inc.*, in the Supreme Court of the State of New York, County of New York, Index No. 154310/2020 (the "Underlying Action"). The Underlying Action purports to assert causes of action seeking recovery for Claimant's alleged injuries from the underlying accident against Maple and Suffolk, based on theories of negligence and violations of the New York Labor Law and the New York State Industrial Code. A true copy of that Verified Complaint is attached hereto as Exhibit C.

26. In the Verified Complaint, Claimant alleges that, on the date of his accident, he was working at the premises when he was struck by a piece of iron and/or construction material, and that his accident was caused by the negligence of "the defendant, its agents, servants and/or employees," including, among other things, by failing to provide a safe place to work and proper equipment. *See* Ex. C, ¶¶ 26-32.

27. Claimant has reported that he was injured when, while moving a metal beam with one of his co-workers, a metal plate that had been attached to the beam fell on his foot.

28. Claimant also alleges in the Verified Complaint that Maple retained Suffolk to work on the Project. *See* Ex. C, ¶ 20.

29. Claimant also alleges in the Verified Complaint that Suffolk retained Newburgh to work on the Project. *See* Ex. C, ¶ 22.

30. On or about March 11, 2021, Claimant amended his complaint in the Underlying Action to add claims of negligence, violations of the New York Labor Law, and the New York State Industrial Code, against Urban. A true copy of that Amended Verified Complaint is attached hereto as Exhibit D.

31. Claimant's Amended Verified Complaint alleges that Maple hired Urban to perform work at the premises. *See* Ex. D, ¶¶ 30-32.

## Tender to Ategrity

32. By letter dated March 5, 2021, Travelers tendered to A Logan Insurance, an agent of Ategrity, on behalf of Urban, Suffolk, and Maple seeking defense, indemnification, and additional insured status under the Ategrity Policy.

33. On April 22, 2021, Travelers followed up with Ategrity by email regarding the status of its tender.

34. By e-mail dated September 30, 2021, Travelers reiterated its prior tender to Ategrity.

35. By e-mail dated November 17, 2021, Travelers followed up with Ategrity regarding the status of its tender.

36. By letter dated December 14, 2021, Ategrity denied Travelers' tender.

37. Travelers has subsequently followed up with Ategrity regarding its tender, but Ategrity continues to deny its coverage obligation.

38. Ategrity refuses to abide by its obligation to defend and indemnify Urban, Suffolk and Maple as additional insureds in the Underlying Action.

**Travelers' Cause of Action for Declaratory Relief as Against Ategrity**

39. Travelers repeats and realleges the allegations contained in paragraphs 1-38 above as if set forth here in their entirety.

40. Urban, Maple, and Suffolk qualify as additional insureds under the Ategrity Policy.

41. Urban, Maple, and Suffolk are entitled to a defense under the Ategrity Policy issued to Newburgh, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

42. Coverage provided to Urban, Maple, and Suffolk by the Ategrity Policy with respect to the Underlying Action is primary and non-contributory to that provided by the Travelers Policy.

43. Ategrity has refused to provide coverage to Urban, Maple, and Suffolk with respect to the Underlying Action.

44. Accordingly, Travelers seeks a declaration that Ategrity has an obligation to defend and indemnify Urban, Maple, and Suffolk as additional insureds; that the coverage provided by the Ategrity Policy to Urban, Maple, and Suffolk is primary and non-contributory; and that the obligations of Travelers to Urban, Maple, and Suffolk in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Ategrity Policy.

45. In addition, Travelers seeks an award at law and equity against Ategrity for recovery of all sums Travelers has incurred in defense of Urban, Maple, and Suffolk in the Underlying Action because the coverages provided by the Ategrity Policy are primary and non-contributory to any coverage provided by Travelers.

**Prayer for Declaratory Relief**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Ategrity Policy was in full force and effect on the date of the alleged underlying accident.

2. Declaring that all terms of the Ategrity Policy have been complied with and met.

3. Declaring that the alleged underlying accident and the Underlying Action fall within the coverage afforded by the Ategrity Policy.

4. Declaring that Defendant Ategrity owes a duty to defend Urban, Maple, and Suffolk in connection with the Underlying Action.

5. Declaring that Defendant Ategrity owes a duty to indemnify Urban, Maple, and Suffolk in connection with the Underlying Action.

6. Declaring that Defendant Ategrity's coverage obligations to Urban, Maple, and Suffolk in connection with the Underlying Action are primary and non-contributory.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Ategrity with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Ategrity with respect to Ategrity's duty to defend and to indemnify Urban, Maple, and Suffolk in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Ategrity for all sums Travelers has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers against Defendant Ategrity for all sums Travelers has paid or will pay in indemnifying Urban, Maple, and Suffolk in connection with the Underlying Action.

11. Granting an award in favor of Plaintiff Travelers for the costs of the suit incurred herein.

12. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     February 22, 2024

USERY & ASSOCIATES

By: ____/s/ Amy C. Gross_____
     Amy C. Gross
     *Attorneys for Plaintiff The Travelers Indemnity Company of America*
     Direct: 917.778.6462
     Fax: 844.571.3789
     Email: acgross@travelers.com

     Please address all correspondence sent by mail to:
     P.O. Box 2996
     Hartford, CT 06104-2996

     Physical Address:
     485 Lexington Avenue, 6th Floor
     New York NY 10017

9